KNIGHTS OF PYTHIAS OF NORTH AMERICA, SOUTH AMERICA, EUROPE, ASIA, AFRICA, AND AUSTRALIA et al. v. GRAND LODGE OF KNIGHTS OF PYTHIAS OF NORTH AMERICA, SOUTH AMERICA, EUROPE, ASIA, AND AFRICA.

(Court of Appeals of District of Columbia. Submitted March 4, 1920. Decided April 5, 1920.)

No. 3313.

Appeal and error ⊚⟺1207(4)—Decree pursuant to mandate held erroneous in reserving question not passed on by Court of Appeals.

In a suit against a fraternal order and others by a grand lodge of the order, where plaintiff challenged an order of suspension and a resolution revoking its charter and collection of a tax, and defendants justified the suspension principally on the ground that plaintiff had circulated an objectionable pamphlet, and alleged the failure to pay such tax as an additional reason, and the Court of Appeals sustained the suspension because of the circulation of the pamphlet, without passing on the legality of the tax, and reversed the decree, with directions to enter one in conformity with its opinion, it was error for the decree to reserve the question of legality of such tax, as the mandate contemplated a decree ending the litigation.

⊚⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Supreme Court of the District of Columbia.

Suit by the Grand Lodge of Knights of Pythias of North America, South America, Europe, Asia, and Africa against the Knights of Pythias of North America, South America, Europe, Asia, Africa, and Australia and others. From a decree on a mandate of the Court of Appeals defendants appeal. Modified and affirmed.

See, also, 49 App. D. C. ——, 258 Fed. 275.

Henry E. Davis and J. A. Cobb, both of Washington, D. C., for appellants.

Clarence R. Wilson and Paul E. Lesh, both of Washington, D. C., and James F. Minor, of Charlottesville, Va., for appellee.

ROBB, Associate Justice. This appeal is from a decree in the Supreme Court of the District upon a mandate of this court in the original case, reversing the former decree of the trial court, with directions to enter a decree in conformity with the opinion of this court.

The original suit was instituted by the present appellee against appellants to enjoin appellants from enforcing an order of suspension and resolution revoking appellee's charter, and from collecting any unpaid portion of a certain tax alleged to have been unlawfully levied by appellants. This court found that ample ground existed for the suspension of appellee without reference to appellee's refusal to pay the alleged illegal tax. The court said:

"The failure of the plaintiff [appellee here] 'to pay' the lawful taxes imposed when due is mentioned as an additional reason for the suspension, but it is clearly apparent that the principal reason was the issuance of the circular in the circumstances mentioned."

The court, therefore, did not deem it necessary to consider the question as to the legality of the assessment. Inasmuch as no hearing had been given appellee before the revocation of its charter, so much of the decree as set aside the revocation was affirmed. 49 App. D. C. ——, 258 Fed. 275. Upon the issuance of this court's mandate, the court below entered a decree the third paragraph of which recites that this court in its opinion reversing the decree below—

"deemed it unnecessary to consider the contentions of the defendants herein, appellants in the said cause (and appellants here), as to the legality of the tax complained of by the plaintiff. * * * It is further adjudged, ordered, and decreed that determination of the legality of said tax be and the same hereby is reserved until, if at all, it shall be undertaken to be the basis of any further action by the defendant order, the Knights of Pythias, against the plaintiff; and for this purpose this cause is retained for such amendatory or supplemental pleadings as shall or may hereafter be allowed by this court on the application of any of the parties, plaintiff or defendant hereto, and for such further orders and decrees as may hereafter by the court be deemed just and proper."

Appellants attack this part of the decree below. In the original proceeding the appellee challenged the order of suspension, the resolution revoking its charter, and the collection of the tax in question. The third question was only incidental, for, unless the preceding questions should be determined in appellee's favor, that question was immaterial.

Appellants justified the order of suspension principally upon the ground, as found by this court, that appellee had circulated a pamphlet in which appellants were held up to contempt and ridicule. The failure of appellee to pay the tax was mentioned as an additional reason justifying the suspension. It is apparent, therefore, that, when this court sustained the order of suspension because of the circulation of the objectionable pamphlet, the question as to the legality of the tax passed out of the case. This court's decree determined every question necessary to the final disposition of the case, and our mandate contemplated a decree in the court below ending the litigation. Since the effect of the decree appealed from is otherwise, and the other paragraphs of the decree are in harmony with our mandate, the decree as a whole will be modified, by striking out paragraph 3, and, as amended, will be affirmed, with costs to appellants.

Modified and affirmed.